NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUL 11 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

DENNIS OMAR LARA ARGUETO,

Petitioner,

v.

MERRICK B. GARLAND, Attorney
General,

Respondent.

No.    16-74034

Agency No. A098-655-880

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 6, 2022**
Honolulu, Hawaii

Before: WARDLAW, NGUYEN, and OWENS, Circuit Judges.

Dennis Omar Lara Argueto ("Lara"), a native and citizen of Honduras,

petitions for review of the Board of Immigration Appeals' ("BIA") decision

dismissing his appeal of the immigration judge's ("IJ") decision denying his

applications for withholding of removal and protection under the Convention

---

*        This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

**        The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Against Torture ("CAT"). "Where the BIA writes its own decision, as it did here, we review the BIA's decision, except to the extent it expressly adopts the IJ's decision." *Diaz-Reynoso v. Barr*, 968 F.3d 1070, 1075-76 (9th Cir. 2020). "We review for substantial evidence the BIA's factual findings, which should be upheld unless the evidence compels a contrary result." *Id.* at 1076 (citation and internal quotation marks omitted). As the parties are familiar with the facts, we do not recount them here. We deny the petition.

1. To qualify for withholding of removal, "the applicant must demonstrate that it is 'more likely than not that he or she would be persecuted on account of race, religion, nationality, membership in a particular social group, or political opinion upon removal to [the country in question].'" *Silva v. Garland*, 993 F.3d 705, 719 (9th Cir. 2021) (quoting 8 C.F.R. § 1208.16(b)(2)). The requirement that the applicant show that he or she would be persecuted "on account of" a protected ground is often referred to as the "nexus" requirement. *Reyes v. Lynch*, 842 F.3d 1125, 1132 n.3 (9th Cir. 2016) (citation omitted).

The BIA held that it "need not address credibility" because it affirmed the IJ's "alternative finding that [Lara] did not establish that it is more likely than not he will be persecuted if returned to Honduras, because he failed to establish a nexus to a protected ground and also failed to submit sufficient reasonably available corroboration." *See Romero v. Garland*, 7 F.4th 838, 840 (9th Cir. 2021)

2

(per curiam) ("Our review is limited to those grounds explicitly relied upon by the BIA." (citation omitted)).

Substantial evidence supports the BIA's determination that Lara failed to establish nexus to a protected ground. Lara alleged that he is a member of the "particular social group of deportees returning from the United States." However, the record does not compel the conclusion that the Honduran police have persecuted or will persecute him on that basis. *See Reyes*, 842 F.3d at 1136-37 (stating that to establish nexus, the applicant must show through direct or circumstantial evidence that the persecutor was motivated to harm the applicant because of a protected ground (citing *INS v. Elias-Zacarias*, 502 U.S. 478, 483 (1992)).

In light of Lara's failure to establish nexus, we need not address the BIA's second ground—that Lara "also failed to submit sufficient reasonably available corroboration."

2. To qualify for CAT protection, an applicant must establish "that it is more likely than not that he . . . would be tortured" if returned to the country of removal. 8 C.F.R. § 1208.16(c)(2).

Here, substantial evidence supports the BIA's determination that Lara failed to show that he would more likely than not be tortured if returned to Honduras. The record does not compel the conclusion that Lara's mistreatment and detention

3

by Honduran police rises to the level of past torture. *See* 8 C.F.R. § 1208.18(a)(1)-(2) (defining "torture"); *Ahmed v. Keisler*, 504 F.3d 1183, 1201 (9th Cir. 2007) (holding that substantial evidence supported the conclusion that the petitioner being "taken into custody and beaten on four occasions" did not "clear[ly] . . . rise to the level of torture"); *Kumar v. Gonzales*, 444 F.3d 1043, 1055-56 (9th Cir. 2006) (holding that substantial evidence supported the conclusion that the petitioner's "month-long detention that included severe physical attacks and threats to his life" by police did not rise to the level of torture). Nor does the record compel a finding that Lara will more likely than not be tortured if returned to Honduras.

**PETITION FOR REVIEW DENIED**.